IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JOSIAH TUTTLE, | Case No. 2:22-cv-01023-HL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CITY OF ONTARIO POLICE DEPARTMENT, OFFICER COOK, OFFICER HARNDEN, and OFFICER REYNOLDS, | |
| Defendants. | |

HALLMAN, United States Magistrate Judge:

*Pro se* Plaintiff Josiah Tuttle brings this action against Defendants City of Ontario Police Department ("OPD"), Officer Cook, Officer Harnden, and Officer Reynolds (collectively "Defendants"). Plaintiff alleges violations of his civil rights and brings claims under 42 U.S.C. § 1983 and 34 U.S.C. § 12601. Am. Compl. ("AC"), ECF 7. Plaintiff also brings state law tort claims alleging assault, battery, and negligence.[1] *Id.*

---

[1] This court has federal question jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

PAGE 1 – OPINION AND ORDER

Defendants move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defs.' Mot. Dismiss 1, ECF 25.

For reasons set forth below, Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED without prejudice. Plaintiff shall have 30 days to file an amended complaint curing the deficiencies set forth below. If Plaintiff fails to file an amended complaint, this Court will enter a judgment dismissing this case with prejudice.

## PLAINTIFF'S ALLEGATIONS[2]

On August 8, 2022, Plaintiff filed an Amended Complaint alleging that he was "arrested without probable cause" and alleging "assault and battery" and "negligence." AC 4, ECF 7. Plaintiff states that the events in question occurred on an "interstate off ramp and Walmart parking lot and many more in a series" but does provide any further details about the location, date, or time of any event. *Id.* Plaintiff also alleges the following:

> "The officers engaged in an ongoing campaign of harassment and unequal policing practice[s]. They took my every single possession as retaliation for my clear protest to the unfair polic[ing] tactics[,] including assault and battery against [me]."

*Id.* Plaintiff alleges that he suffered injuries and seeks damages and injunctive relief. *Id.* at 5.

The Court construes the Amended Complaint as alleging the following civil rights violations under section 1983: (1) Fourth Amendment right to be free from unreasonable

---

[2] The Court accepts as true the facts Plaintiff alleges in his Amended Complaint and construes those facts in the light most favorable to Plaintiff for the purpose of reviewing Defendants' motion to dismiss. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019) (holding that at the pleading stage, "[a]ll factual allegations are accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

searches and seizures and excessive force; (2) First Amendment right to be free from retaliation; and (3) Fourteenth Amendment right to equal protection of the laws. Plaintiff also brings a claim under 34 U.S.C. § 12601 and asserts state tort claims.

## STANDARDS

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CallerID4u, Inc. v. MCI Commc'ns Servs. Inc.*, 880 F.3d 1048, 1061 (9th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a plaintiff's complaint pleads facts that are "merely consistent with" a defendant's liability, the plaintiff's complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Teixeira*, 873 F.3d at 678; *see also Iqbal*, 556 U.S. at 679; *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). The pleading standard under Rule 8 "does not require

PAGE 3 – OPINION AND ORDER

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal citations omitted); Kwan, 854 F.3d at 1096. A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "Rule 8 does not empower [the] respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687.

When a plaintiff is *pro se*, the court construes his pleadings liberally and affords him the benefit of the doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez v. Washington Cnty.*, 88 F.3d 804, 806 (9th Cir. 1996). However, *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Doe v. Fed. Dist. Court*, 467 Fed. Appx. 725, 727 (9th Cir. 2013).

## DISCUSSION

### I.    Section 1983 Claims

Section 1983 provides an injured party a civil cause of action against state or local officials for conduct that deprived the injured party of rights granted under the Constitution or other federal law. 42 U.S.C. § 1983; *see, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under section 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and laws of the United States; and (2) that the violation was committed by a person acting under color of law. 42 U.S.C. § 1983; *West*, 487 U.S. at 48; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). "[S]tating a claim against a government official in his or her individual capacity for purposeful discrimination requires pleading that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Starr v.*

PAGE 4 – OPINION AND ORDER

*Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678 (2009)). To state a claim for relief, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Regarding theories of municipal liability, a helpful summary was recently presented by the court in *White v. Taylor by & through City of Turner Police Dep't*, No. 6:18-CV-00550-MK, 2020 WL 5649629 (D. Or. July 2, 2020), *report and recommendation adopted*, 2020 WL 5649725 (D. Or. Sept. 22, 2020):

> There are three methods by which a plaintiff may establish municipal liability under *Monell*. First, a local government may be liable where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[s] the injury." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *Monell*, 436 U.S. at 694). Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [government entity] can reasonably be said to have been deliberately indifferent to the need." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 802–03 (citation omitted).

*White*, 2020 WL 5649629, at *12.

Here, Plaintiff fails to allege any wrongful action on the part of any of the individual defendants. Plaintiff broadly alleges that he was subject to "arrest without probable cause," and states that officers "harassed" and retaliated against him for protesting "unfair police tactics." AC 4, ECF 7. Assuming those allegations are true, Plaintiff is still required to explain how each defendant personally participated in the violation of his rights. *See Barren*, 152 F.3d at 1194 (noting that a plaintiff must show that a defendant "was personally involved in the deprivation of

PAGE 5 – OPINION AND ORDER

his civil rights"). However, Plaintiff does not plead that any officer, through his own individual actions, engaged in any wrongful conduct or violated plaintiff's constitutional rights. Thus, Defendants' motion to dismiss Plaintiffs claim for relief under section 1983 against Officer Cook, Officer Harnden, and Officer Reynolds is GRANTED.

Plaintiff also fails to allege that OPD engaged in any wrongful actions that might subject it to liability under section 1983. Plaintiff does not allege that his rights were violated due to a failure to properly train OPD officers or pursuant to an OPD policy or custom. *See Rodriguez*, 891 F.3d at 802. Plaintiff also fails to allege that anyone at OPD with final policy-making authority violated his rights. *See id.* Thus, Defendants' motion to dismiss Plaintiffs claim for relief under section 1983 against OPD is GRANTED.

## II.     34 U.S.C. § 12601

Plaintiff alleges that his rights were violated under 34 U.S.C. § 12601. AC 3, ECF 7. "Section 12601 provides a civil cause of action to the United States Attorney General when a local government's agents 'engage in a pattern or practice of conduct . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'" *United States v. Town of Colorado City*, 935 F.3d 804, 811 (9th Cir. 2019) (quoting 34 U.S.C. § 12601). Because section 12601 does not grant rights to private citizens, Defendants' motion to dismiss Plaintiffs claim for relief under section 12601 is GRANTED. *See Walker v. Am. Red Cross*, No. 6:20-CV-01755-MK, 2021 WL 1232669, at *2 (D. Or. Apr. 1, 2021) (noting that section 12601 "confers a right of action on the U.S. Attorney General, rather than private citizens to bring civil suits" for alleged violations).

## III.    State Tort Claims

Defendants are also entitled to summary judgment on Plaintiff's tort claims because Plaintiff failed to plead compliance with the Oregon Tort Claims Act ("OTCA"). Defs.' Mot.

PAGE 6 – OPINION AND ORDER

Dismiss 7, ECF 25. The OTCA provides an injured party a civil cause of action against public bodies for its torts or those of its officers, employees, and agents. O.R.S. § 30.265. Under the OTCA, "[n]o action arising from any act or omission of a public body or an officer, employee, or agent of a public body . . . shall be maintained unless notice of claim is given . . . within 180 days [from] the alleged loss or injury." O.R.S. § 30.275. Plaintiff has the burden of proving that a timely notice of claim was given to satisfy tort claims under the OTCA. *Humphrey v. Oregon Health & Scis. Univ.*, 286 Or. App. 344, 346 (2017). Failure to comply with the OTCA notice requirements, without the allegation of specific facts in support of waiving such requirements, is a failure to state a plausible claim for relief under Rule 12(b)(6). *Clardy v. Gaunt*, 2015 WL 1058970, at *3 (D. Or. Mar. 6, 2015).

Here, Plaintiff has not alleged compliance with the OTCA. Thus, Defendants' motion to dismiss Plaintiffs claim for relief under state tort law is GRANTED.

## CONCLUSION

For reasons set forth above, Defendants' motion to dismiss, ECF 25, should be GRANTED. Plaintiff's claims under section 1983 alleging violations of his Constitutional rights under the First, Fourth, and Fourteenth Amendments are DISMISSED without prejudice. Plaintiff's claim under 34 U.S.C. § 12601 is dismissed with prejudice. Plaintiff's tort claims are DISMISSED without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint curing the deficiencies noted above. If Plaintiff fails to file an amended complaint, this Court will enter a judgment dismissing this case with prejudice.

DATED this 3rd day of August, 2023.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 7 – OPINION AND ORDER